**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BONNIE J. KENNY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 1:17-cv-01156-RGA |
| | ) | |
| UNIVERSITY OF DELAWARE , *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants the University of Delaware (the "University"), Chrissi Rawak, and Thomas LaPenta (collectively "Defendants"), through their undersigned counsel, respond to Plaintiff's Complaint as follows:

1.      Paragraph 1 contains Plaintiff's characterization of her claims, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2.      Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, those allegations are deemed denied.

3.      Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is required, those allegations are deemed denied.

**Parties**

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore those allegations are deemed denied.

5.      Admitted that Defendant Chrissi Rawak is the current Athletic Director at the University of Delaware. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, those allegations are deemed denied.

6.      Denied. By way of further answer, Defendant LaPenta, at all times relevant to the Complaint, was the Director of Human Resources.

7.      Admitted only that the University is a corporation whose charter appears in the Delaware Code. The remaining allegations in this paragraph are legal conclusions to which no response is required.

## Exhaustion of Administrative Remedies

8.      Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, those allegations are deemed denied. Paragraph 8 also purports to describe a writing, a charge allegedly filed with the Delaware Department of Labor and the Equal Employment Opportunity Commission, which speaks for itself.

9.      Paragraph 9 purports to describe two writings, a right to sue notice issued by the Delaware Department of Labor and a right to sue notice issued by the Equal Employment Opportunity Commission, which speak for themselves.

## Factual Background

10.      Defendants admit only that the University employed Kenny as its head women's volleyball coach from approximately February 2002 to October 2016. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are deemed denied.

11.      The Defendants have not yet determined, after a reasonable investigation, the truth of each of the allegations in this paragraph, and therefore they are deemed denied.

12.      Admitted only that the volleyball team's cumulative grade point average was among the highest of athletic teams.   By way of further response, the Defendants have not yet

determined, after a reasonable investigation, the truth of each of the remaining allegations in this paragraph, and therefore they are deemed denied.

13.     Paragraph 13 purports to describe a writing, a book allegedly authored by Kenny and Gregory, which speaks for itself.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore those allegations are deemed denied.

15.     Denied.

### Kenny's Sexual Orientation and Marriage to Gregory

16.     Defendants admit the allegation in the second sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and therefore those allegations are deemed denied.

### Rawak Is Hired as UD Athletic Director

17.     Admitted.

### Complaint From Parent Of A Volleyball Player

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore those allegations are deemed denied.

19.     Denied.

### Kenny Summoned To Meeting With Rawak And LaPenta

20.     Paragraph 20 purports to describe a writing, an email, which speaks for itself.

21.     Admitted only that there was a meeting where Kenny was informed of a complaint and told that the University would investigate. The remaining allegations in this Paragraph 21 are denied.

22.     Defendants deny the allegations in the first sentence of Paragraph 22. Defendants admit only that Kenny was placed on administrative leave and given the option to resign. The remaining allegations in Paragraph 22 characterizing the referenced conversation are denied.

23.     Paragraph 23 purports to describe a writing, an email, which speaks for itself.

24.     Paragraph 24 purports to describe a writing, a text message, which speaks for itself.

### Kenny Retains Counsel

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25, and therefore those allegations are deemed denied.  Defendants admit the second sentence of Paragraph 25. Defendants deny the third sentence of Paragraph 25.

26.     Paragraph 26 purports to describe a writing, UD Policy 4-29, which speaks for itself.

27.     Paragraph 27 purports to describe a writing, a letter, which speaks for itself.

28.     Admitted.

29.     Defendants admits only that articles about Kenny and Gregory appeared in the News Journal and other publications. The remaining allegations in Paragraph 29 are denied.

### UD's Response To The Charge of Discrimination

30.     Paragraph 30 purports to describe a writing, the University's response to Kenny's charge of discrimination, which speaks for itself.

31.     Paragraph 31 purports to describe a writing, the University's response to Kenny's charge of discrimination, which speaks for itself.

32.     The first sentence of Paragraph 32 purports to describe a writing, the University's response to Kenny's charge of discrimination, which speaks for itself. The remaining allegations in Paragraph 32 are denied.

**UD Terminates Without Cause And In A Manner Which Damaged
Kenny's Good Name And Reputation**

33.     Denied.

34.     Denied.

35.     Defendants deny the first sentence of Paragraph 35. Defendants admit only that an article appeared in the UD Review after the University's counsel received notice of Kenny and Gregory's request for a right to sue notice. The remaining allegations in Paragraph 35 are denied.

36.     Paragraph 36 purports to describe a writing, a newspaper article, which speaks for itself.

37.     Defendants admit only that the article appeared in the D1 Ticker. The remaining allegations in Paragraph 29 are denied.

38.     Denied.

39.     Denied.

**Club Volleyball Program And Volleyball Camp**

40.     Admitted only that as University volleyball coaches, Kenny and Gregory had access to University facilities to operate their club volleyball program and volleyball camp. The remaining allegations, if any, in Paragraph 40 are denied.

41.     Denied.

**Kenny's Employment Agreement**

42.     Paragraph 42 purports to describe a writing, a written notice, which speaks for itself.

43.     Admitted only that the University paid Kenny in accordance with her employment agreement. The remaining allegations in Paragraph 43 are denied.

**UD Attempts To Force Kenny To Absorb In 2016 The Full Amount Of the Tax Burden**

**For Payments UD Is Obligated To Make Monthly Over 3 Years**

44.     Paragraph 44 purports to describe a writing, an email, which speaks for itself.

45.     Paragraph 45 purports to describe a writing, a letter, which speaks for itself.

46.     Paragraph 46 purports to describe a writing, an email, which speaks for itself.

47.     Admitted.

48.     Admitted only that the University continued to provide certain benefits to other coaches in accordance with their contracts. Denied to the extent the allegations in Paragraph 48 suggest or imply that the University's reasons for continuing such benefits were discriminatory.

**Other Female Coaches Over The Age Of 40 Forced Out By UD**

49.     Denied.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore those allegations are deemed denied.

51.     Admitted only that Sara Matthews is the head volleyball coach and that Keith Anderson is currently 28 years old.  The remaining allegations in this paragraph are denied.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore those allegations are deemed denied.

**COUNT I: FOURTEENTH AMENDMENT/SECITION 1983
CLAIM FOR PROCEDURAL DUE PRCESS VIOLATION
(AGAINST US, RAWAK AND LAPENTA)**

53-60. No response required.  Count I was dismissed. [D.I. 12]

**COUNT II: FOURTEENTH AMENDMENT/SECTION 1983 CLAIM
FOR PROCEDURAL DUE PROCESS VIOLATION
(AGAINTS US, RAWAK, AND LAPENTA)**

61–67. No response required.  Count II was dismissed. [D.I. 12]

## COUNT III: AGE DISCRIMINATION

68.     Defendants incorporate their answers to Paragraphs 1-67 as if set forth fully herein.

69.     Denied.

70.     Denied.

71.     Admitted only that Sara Matthews is the head volleyball coach and that Keith Anderson is currently 28 years old.  The remaining allegations in this paragraph are denied.

72.     Admitted only that Rawak has hired two female head coaches, one of whom was under 40 at the time of hire and one of whom, the basketball coach, was over 40 at the time of hire.  The remaining allegations in this paragraph, if any, are denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

## COUNT IV: SEXUAL ORIENTATION DISCRIMINATION

77.     Defendants incorporate their answers to Paragraphs 1-76 as if set forth fully herein.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

## COUNT V: MARITAL STATUS DISCRIMINATION

83.     Defendants incorporate their answers to Paragraphs 1-82 as if set forth fully herein.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

### COUNT VI: FOURTEENTH AMENDMENT/SECION 1983
### CLAIM FOR EQUAL PROTECTION VIOLATION
### (AGAINST US, RAWAK AND LAPENTA)

89.     Defendants incorporate their answers to Paragraph 1-88 as if set forth fully herein.

90.     Paragraph 90 contains conclusions of law to which no response is required. To the extent a response is required, those allegations are deemed denied.

91.     Denied.

92.     Paragraph 92 contains conclusions of law to which no response is required. To the extent a response is required, those allegations are deemed denied.

93.     Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

All decisions made by Defendants with respect to Plaintiff were made for legitimate, non-discriminatory, non-pretextual reasons.

### Second Affirmative Defense

Defendants did not act with discriminatory motives.

### Third Affirmative Defense

Plaintiff may have failed to exhaust administrative remedies.

### Fourth Affirmative Defense

The harm allegedly suffered by Plaintiff was not caused by Defendants.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate her damages.

### Sixth Affirmative Defense

Plaintiff is not entitled to punitive damages.

### Seventh Affirmative Defense

Defendant Rawak and Defendant LaPenta are entitled to qualified immunity.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all additional affirmatives defenses which may be revealed during the discovery process.

WHEREFORE, Defendants respectfully request that this Honorable Court (a) deny and dismiss Plaintiff's claims for relief with prejudice (b) award Defendants their reasonable attorneys' fees and costs incurred in responding to Plaintiff's complaint and (c) award such further and other relief as this Court deems proper.

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/   Danielle N. Petaja*
James D. Taylor (#4009)
Danielle N. Petaja (#6372)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
(302) 421-6800 Phone
(302) 421-6813 Fax
James.Taylor@saul.com
Danielle.Petaja@saul.com

*Counsel for Defendants*
*University of Delaware, Chrissi Rawak and*
*Thomas LaPenta*

Dated: March 8, 2018